FILED
U.S. DISTRICT COURT
W.D.N.Y. ROCHESTER

2005 NO 21 PM 9: 09

-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY FITZGERALD, 02-R-2330,

    Plaintiff,

  -v-

Superintendent JAMES BERBARY and
DEPUTY MUDRA,

    Defendants.

DECISION AND ORDER
04-CV-6558CJS(P)

---

Plaintiff was previously granted permission to proceed in forma pauperis, and afforded an opportunity to file an amended complaint in which he set forth sufficient allegations to state a federal claim pursuant to 42 U.S.C. § 1983. (Docket No. 3). He has filed an amended complaint, (Docket No. 4), which is now reviewed pursuant to the 28 U.S.C. §§ 1915 and 1915A criteria.

Plaintiff again alleges that the defendants violated his constitutional right to be free from cruel and unusual punishment by denying him an opportunity to attend his wife's funeral. Where, as here, plaintiff was permitted a deathbed visit with his wife prior to her passing, the denial of permission to attend the funeral, without more, does not set forth a cognizable claim.

In granting the opportunity to amend, the Court advised plaintiff that courts in this district have held that inmates do not have a constitutional right to attend the funerals. *See, e.g., Verrone v. Jacobson,* 1999 WL 163197 (S.D.N.Y. 1999); *Allen v. Senkowski,* 1997 WL 570691 (N.D.N.Y. 1997); *Green v. Coughlin,* 94 Civ. 3356, 1995 WL 498808 at *1 (S.D.N.Y. 1995); *Cruz v. Sielaff,* 767 F.Supp. 547, 550 (S.D.N.Y. 1991) (finding New

York City Department of Corrections regulations did not create a liberty interest in attending uncle's funeral); *Colon v. Sullivan,* 681 F.Supp. 222, 223 (S.D.N.Y. 1988). Further, plaintiff was advised that "if, in order to cause a particular inmate psychological distress, prison officials deny the inmate leave which is otherwise available to attend a parent's funeral, such conduct may in some circumstances constitute cruel and unusual punishment and therefore provide a claim for relief under section 1983." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999). Thus, plaintiff was directed to file an amended complaint as to his Eighth Amendment claims against these defendants.

In the amended complaint, however, plaintiff simply argues that he did have a constitutional right to attend his wife's funeral and alludes to New York State case law. Plaintiff has not alleged any animosity or retaliatory motive that could implicate a constitutional concern, nor is there any indication that defendants intended to cause psychological harm to plaintiff in particular by denying him permission. The amended complaint and the exhibits attached indicate that the decision was based on an evaluation of plaintiff's request within the discretion of the prison officials. That the defendants were not motivated by an interest with respect to plaintiff alone is further supported by plaintiff's relief seeking an update of the Department of Correctional Services directive that allows the Superintendent to allow either a deathbed visit or attendance at a funeral or both. He would like the directive to allow both funerals and deathbed visits, rather than "either/or" and "both."

Plaintiff was granted an opportunity to amend his allegations to set forth a cognizable claim under § 1983, but the amended complaint does not provide a basis for going forward. Accordingly, the complaint is dismissed for failure to state a claim, pursuant

to 28 U.S.C. §§ 1915 and 1915A.  Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  See 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:   Nov. 18, 2005
         Rochester, New York

                                  _____
                                  CHARLES J. SIRAGUSA
                                  United States District Judge